**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 23-mj-279** |
| **v.** | : | |
| | : | |
| **JAMES STYNER** | : | |
| | : | |
| **Defendant.** | : | |

# CONSENT PROTECTIVE ORDER GOVERNING DISCOVERY

To expedite the flow of discovery of materials between the parties, and to adequately protect personal identifying information and other sensitive information, it is, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(1) and with the consent of the parties, hereby ORDERED:

## All Materials

1. **Limitations on use -** All materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") are subject to this protective order ("the Order"). Subject to the limitations contained in this Order, these materials may be used by the defendant and the legal defense team solely in connection with the defense of this case, including any appeal and post-conviction proceedings and in connection with no other proceeding, without further order of this Court.

2. **Legal defense team -** The legal defense team includes all agents, representatives, and employees of the individual defense counsel or the Federal Public Defender's Office. The legal defense team shall not include the defendant, the defendant's family members, or friends or known associates of the defendant.

3. **Limitation on disclosure beyond the legal defense team –** Except as provided by this Order, the legal defense team shall not disseminate the materials or their contents directly or indirectly to any person, entity, or public forum without further order of this Court. The legal defense team may discuss the materials with and show them to third persons, including the defendant; and (2) other persons to whom this Court may authorize disclosure, where doing so reasonably can be expected to further the investigation of the defendant's case and the preparation of his defense.

4. **Limitations on copying materials -** The legal defense team may make copies or electronically reproduce the materials as deemed necessary by defense counsel. Such copies and reproductions shall be treated in the same manner as the original materials. The defendant, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. **Preventing duplication of materials during viewings -** If defense counsel authorizes the materials to be viewed by the defendant or any court-authorized person, defense counsel shall ensure that the defendant or such court-authorized person does not photograph, take screen shots, or otherwise duplicate or disseminate the materials.

6. **Other limitations -** No party shall disclose in open court or public filings the names of the victims, witnesses, websites and applications at issue in this case without prior consideration by the Court.

7. **Viewing by incarcerated defendants –** If the defendant is incarcerated by the District of Columbia Department of Corrections (hereinafter "DCDOC"), defense counsel is authorized to provide a copy of the materials to the DCDOC Office of General Counsel so that

the defendant can view the materials pursuant to DCDOC's alternative viewing procedure. Nothing in this Order relieves the defendant or the legal defense team of its obligation to execute a waiver, or to comply with any other requirements established by the DCDOC's Procedures for Attorney Visitation and Discovery/Surveillance Review policy. This provision specifically excludes Sensitive Materials, as detailed below.

**Sensitive Materials**

8. The United States may produce materials containing personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure ("sensitive materials") to defense counsel, pursuant to the defendants' discovery requests. Sensitive materials shall be plainly marked as "sensitive" by the United States prior to disclosure.

9. No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant, the legal defense team, or the person to whom the sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

10. Sensitive materials must be maintained in the custody and control of defense counsel. Defense counsel may show sensitive materials to the defendant as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of sensitive materials to the defendant. Moreover, if defense counsel does show sensitive materials to the defendant, defense counsel may not allow the defendant to take any notes while viewing any materials marked sensitive.

11. The procedures for use of designated sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated confidential documents in open court without prior consideration by the Court.

12. The Clerk shall accept for filing under seal any filings so marked by the parties pursuant to this Order.

**Scope of this Order**

13. **At termination of proceedings -** The legal defense team may retain the materials upon conclusion of this case. This Order shall remain in force after the conclusion of this case and shall continue to govern the use, disclosure, and retention of the materials.

14. **Automatic exclusions from this Order -** The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the materials in judicial proceedings in this case, except as described below.

15. **Modification permitted -** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

16. **No waiver** - The failure by the United States to designate any materials as "sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as sensitive.

17. **No ruling on discoverability or admissibility** - This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible

and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this______day of____________, 2023.

_______________________________________
THE HONORABLE
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA